UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-85 |
| | ) | Phillips/Shirley |
| JILL L. HIGDON | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of Defendant Jill L. Higdon's motion to recuse the undersigned pursuant to 28 U.S.C. § 455(a) [Doc. 254]. In support of this motion, defendant states that her father, James T. Higdon, was subject to various arrests and misdemeanor prosecutions between March 2003 and 2012 by the former District Attorney of the 8th Judicial District of Tennessee, William Paul Phillips ("D.A. Phillips"), who is the brother of the undersigned. Defendant also states that her father filed a federal civil rights case against several individuals, including D.A. Phillips, related to those prosecutions. In that case, Mr. Higdon alleges that D.A. Phillips abused his position of authority and conspired with the foreman of the grand jury. The civil case has been dismissed as time-barred and an appeal is pending. Defendant Higdon argues that, in light of these facts, it is inappropriate for the undersigned to preside over her trial to ensure the integrity of the process. The government has filed a response in opposition [Doc. 266] to the motion on the grounds that the defendant has not met her burden to prove bias.

As set forth in the Indictment [Doc. 4], the defendant is charged in Counts One, Two, and Five with conspiracy to manufacture 50 grams or more of methamphetamine, conspiracy to distribute 50 grams or more of methamphetamine, and possession of the equipment, chemicals, products, and materials which are used to manufacture methamphetamine, knowing, intending, and having reasonable cause to believe that the items would be used to manufacture methamphetamine. This case is one of several related cases transferred to the undersigned with numerous defendants involving the manufacture and distribution of methamphetamine.

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. … *Not* establishing bias or partiality … are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts

2

at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id*. at 555.

The Sixth Circuit has adopted the *Liteky* standard in judicial disqualification cases. *See, e.g.*, *Lyell v. Renico*, 470 F.3d 1177, 1186-87 (6th Cir. 2006). The defendant has the burden of establishing objective evidence of bias. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases [and] … arises out of the judge's background and associations." *Sammons*, 918 F.2d at 599 (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989)).

The undersigned is also mindful that the Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980). Likewise, granting groundless disqualification motions also encourages judge-shopping.

After careful consideration, the Court finds that the defendant has not established objective evidence of bias. The defendant has pointed to no actions, rulings, or statements of the undersigned to indicate a "deep-seated favoritism or antagonism that would make fair judgment impossible" in this case. The complained-of connections are

3

between the defendant's father and the undersigned's brother, not the defendant or the undersigned. Even in situations where the judge himself has been sued by a party, courts have agreed that recusal was not required. *See, e.g.*, *Flint v. MetLife Ins. Co. Conn.*, 460 F. App'x 483, 486 (6th Cir. 2011); *Robinson v. Giavasis*, No. 96-3910, 1997 WL 133298, at *1 (6th Cir. Mar. 21, 1997). The undersigned was not involved in the prosecutions of defendant's father, is not a party to the civil suit, and has no financial interest in the outcome of the civil case. In short, there is no objective evidence of bias, partiality or other reason to indicate that the undersigned cannot make a fair judgment in this case. Accordingly, for all of these reasons, the defendant's motion to recuse [Doc. 254] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE