IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )        No. 3:14-CR-85
v.                               )
                                )
JILL L. HIGDON,                  )        (VARLAN / SHIRLEY)
                                )
            Defendant.           )
                                )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to

28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the

District Court as may be appropriate. This case came before the Court on four motions by

Defendant Jill Higdon:

> (1) Motion to Sever Defendant [Doc. 140], filed on August 25, 2014;
>
> (2) Motion for Disclosure of Eyewitness-Participants [Doc. 141], filed on August 25, 2014;
>
> (3) Motion for Disclosure of All Statements which the Government Will Seek to Attribute to the Defendant [Doc. 142], filed on August 25, 2014; and
>
> (4) Motion for Bill of Particulars [Doc. 204], filed on October 13, 2014.

The parties appeared before the undersigned on September 12, 2014, for a scheduled pretrial

conference and motion hearing. Assistant United States Attorney Caryn L. Hebets appeared on

behalf of the Government. Attorney Michael P. McGovern represented Defendant Higdon,

whom the Court had excused [Doc. 171] from attending the hearing. At that time, the Court

heard argument on the Motion for Disclosure of Eyewitness-Participants and the Motion for Disclosure of All Statements. The Court continued the trial, set a new motion deadline, and scheduled a second motion hearing.

On November 10, 2014, the parties again appeared before the undersigned. AUSA Hebets represented the United States. Mr. McGovern and Attorney Page A. Pate appeared on behalf of Defendant Higdon, who was also present. At the beginning of the hearing, Mr. McGovern informed the Court that the Defendant wanted to withdraw the Motion to Sever Defendant. The Defendant's request is **GRANTED**, and the Motion to Sever Defendant [**Doc. 140**] is **WITHDRAWN**. The Court heard the parties' arguments on the Motion for Bill of Particulars and received additional argument on the two motions for disclosure. At the conclusion of the hearing, the Court took the motions under advisement. For the reasons stated below, the Court finds that the Defendant's requests for a bill of particulars and the statements of coconspirators must be denied. The Defendant's request for the identity of eyewitness participants is granted.

## I. ANALYSIS

Defendant Higdon is charged [Doc. 4] along with twenty-one other named coconspirators with conspiring to manufacture fifty grams or more of methamphetamine from January 2008 to July 15, 2014 (Count One) and with conspiring with ten named coconspirators to distribute fifty grams or more of methamphetamine from January 2008 to July 15, 2014 (Count Two). She is also charged with possession of the equipment and materials for methamphetamine production during that same time frame, while knowing, intending, and reasonably believing that this equipment and these materials would be used to

2

manufacture methamphetamine (Count 5). She asks the Court to order the Government to produce a bill of particulars, specifying the details of her alleged participation in the conspiracy and to disclose the identity of any eyewitnesses to the alleged offenses who participated therein and the existence and content of any statements of coconspirators that the Government will seek to attribute to her. The Court will look at each of these issues in turn.

## A. Bill of Particulars

The Defendant moves [Doc. 204] the Court to order the Government to file a bill of particulars with regard to Counts One, Two, and Five of the Indictment, specifying the following:

As to Counts One and Two,

(1) When the Defendant entered the conspiracy and the duration of her participation;

(2) The exact date, time, and location of overt acts that the Defendant is alleged to have committed in furtherance of the conspiracy; and

(3) The identities of all charged and uncharged coconspirators with whom the Defendant is alleged to have interacted during the overt acts.

As to Count Five,

(4) The type of equipment, chemicals, or products the Defendant is alleged to have possessed;

(5) The exact date, time, and location at which the Defendant is alleged to have possessed equipment, chemicals, or products used to make methamphetamine.

3

The Defendant contends that the conspiracies alleged in the Indictment span more than six years and that the charges are devoid of any dates, times, or locations of overt acts. She argues that due process of law requires the requested particularization in order to minimize surprise and to permit her to prepare her defense to the charges.

The Government responds [Doc. 208] that the discovery provided to the Defendant, along with the testimony of the case agent at the detention hearing, provide much of the information that the Defendant requests. Additionally, the Government contends that the Assistant United States Attorney has had conversations with defense counsel regarding the Defendant's role in the conspiracy and the evidence pertaining to her. Finally, the Government states that revealing the names of unindicted coconspirators would compromise an ongoing investigation.

Federal Rule of Criminal Procedure 7(f) states that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other gnds by stat., United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

4

*(1) Date of Entry into and Duration of Participation in Conspiracies*

The Defendant asks the Court to order the Government to specify the date or dates that she allegedly joined the conspiracies alleged in Counts One and Two. The Defendant also seeks to know the duration of her alleged participation in the two conspiracies. She argues that the drug conspiracies are alleged to span six years and that without additional information as to the beginning and duration of her participation, she cannot prepare her defense.

At the November 10 hearing, AUSA Hebets stated that the dates of the Defendant's involvement in the conspiracy are reflected in the log of her purchases of pseudoephedrine, which was provided to the Defendant in discovery. AUSA Hebets said that the Defendant became involved in the crimes alleged in the Indictment when she began dating Codefendant Rafael Salinas. She stated that Defendant Higdon began her participation in the conspiracy as a "smurf" purchasing pseudoephedrine and that her participation escalated to manufacturing the methamphetamine herself, after Codefendant Salinas went to jail. AUSA Hebets stated that the Defendant was "intricately involved" in the manufacture and distribution of methamphetamine throughout the duration of the conspiracy with no "gap" in her participation.

The Court finds that the information provided at the November 10 hearing regarding the Defendant's entry into the conspiracy and the duration of her participation are sufficient to allow the Defendant to prepare her defense.

*(2) Dates, Times, and Locations of Overt Acts*

The Defendant also asks that the Government be ordered to particularize the dates, times, and locations of any overt acts in which she is alleged to have participated in the conspiracies alleged in Counts One and Two and for the dates and locations of her possession of

5

materials used to manufacture methamphetamine in Count Five. At the November 10 hearing, AUSA Hebets stated that the Government had provided this information in discovery. She explained that the log of the Defendant's pseudoephedrine purchases tells when and where she was involved in the conspiracy to manufacture methamphetamine. She said that methamphetamine components possessed by the Defendant were found both behind her house and at the residence where she was arrested.

Whether the Court should order the provision of the dates of a particular defendant's entry into or participation in a conspiracy turns largely on the length of the conspiracy and the nature of the discovery in the case. The Court of Appeals for the Sixth Circuit has upheld the denial of particularization of the specific dates of a defendant's involvement in a conspiracy. See United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004); United States v. Hayes, No. 88-5967, 1989 WL 105938, *3 (6th Cir. Sept. 14, 1989). In Robinson, the denial of a bill of particulars to identify the "temporal scope" of the conspiracy to distribute marijuana and cocaine was not an abuse of discretion when the indictment stated that the conspiracy occurred from April 1999 to August 2000. 390 F.3d at 867. In Hayes, the Court held that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." No. 88-5967, at * 3.

Although Robinson and Hayes suggest that the provision of more specific dates beyond the broad time frame alleged in the indictment is not necessary, the Sixth Circuit has also upheld the provision of more specific dates of a coconspirator's involvement when the trial court exercised its

discretion to order those dates disclosed. See, e.g., United States v. Arnold, 890 F.2d 825, 829 (6th Cir. 1989) (observing that bill of particulars required identification of the date the defendant joined the conspiracy alleged to have occurred on or about August 1983); United States v. Dempsey, 733 F.2d 392, 394 (6th Cir. 1984) (approving a bill of particulars giving the approximate date that each defendant entered the conspiracy when the indictment itself was "bare bones"); see also United States v. Fears, 450 F. Supp. 249, 251 (E.D. Tenn. 1978) (directing, without further analysis, the government to file a bill of particulars giving the date and approximate hour the defendant allegedly made the telephone call charged in the indictment). Although decisions regarding the need for a bill of particulars are very case specific, the Court's examination of the case law on this issue reveals the importance of the information available to the defendant from the indictment and discovery.

In the present case, the conspiracies alleged in the Indictment cover a six-year period, a fact that would argue for further particularization. On the other hand, the Court finds that the Government has provided the Defendant with discovery, such as the pseudoephedrine purchase log, that link the Defendant's participation to specific dates and locations. The Government has also provided information about the locations at which the Defendant possessed methamphetamine components. The Court finds that a bill of particulars on the dates, times, and locations of the Defendant's overt acts is not necessary in this case.

*(3) Names of Coconspirators*

The Defendant asks the Court to require the Government to identify the persons—both named coconspirators and unindicted participants—with whom she is alleged to have participated in overt acts in furtherance of the conspiracy. Our appellate Court has held that a bill of particulars is not the appropriate vehicle for such disclosure. See United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991). In this respect,

7

> [a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

Id., 923 F.2d at 1222 (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984) (quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir. 1982))). Thus, the Government is not required to reveal the names of unindicted co-conspirators. United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). Nor is it obliged to reveal a list of its witnesses. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"). Whether the Government must identify eyewitness participants outside of a bill of particulars is discussed in section B below.

*(4)Types of Equipment, Chemicals, or Products Possessed to Manufacture Methamphetamine*

Finally, the Defendant requests that the Court order the Government to disclose the type of equipment, chemicals, or products she is alleged to have possessed in Count Five, which charges her with possession of methamphetamine components while knowing and intending that the components would be used to manufacture methamphetamine. The Court finds that the Defendant is able to know the types of components from the pseudoephedrine log and the photographs taken at the residence where she was arrested. Because this information has

been disclosed in discovery, the Court finds that a bill of particulars setting out these facts is not necessary.

In summary, the Court finds that further particularization of the charges is not necessary in this case due to the information available through discovery. Due process requires that the Defendant have sufficient notice of that with which she is charged in order to prepare a defense. Due process does not require that the Government reveal the details of its evidence in the charging instrument. The Defendant's Motion for a Bill of Particulars [**Doc. 204**] is **DENIED**.

### B.  Disclosure of Eyewitness Participants

Pursuant to Roviaro v. United States, 353 U.S. 53 (1957) and United States v. Whitley, 734 F.2d 1129, 1138 (6th Cir. 1984), overruled on other gnds, United States v. Robinson, 887 F.2d 651, 653 (6th Cir. 1989), the Defendant asks [Doc. 141] the Court to order the Government to provide written notice of the names and addresses of all persons, including law enforcement officers, who were eyewitnesses to and participants in the exchange of contraband with Defendant Higdon. At the September 12 hearing, defense counsel argued that he needed to know with whom the Government was alleging that the Defendant had done business in order to prepare for trial.

The Government responds [Doc. 152] that it has a privilege not to disclose the identity of confidential informants. Although this privilege is not absolute, the Government argues that in the instant case, the Defendant has failed to show that the requested disclosure is essential to a fair trial. It contends that only after the Defendant shows that the identity of a confidential informant is necessary to her defense, then the Court should take evidence in camera

9

on whether the informant can provide information relevant to the proposed defense and about the danger to the informant from disclosure of his or her identity. The Government also responds that no officers participated in or witnessed the Defendant exchange of methamphetamine.

At the November 10 hearing, AUSA Hebets argued that although the Defendant is not entitled to know the Government's witnesses, the codefendants who will testify against her will not come as any surprise to her. Mr. McGovern stated that the plea agreements of three codefendants implicated Defendant Higdon in general terms but that counsel for these codefendants had declined to allow him to interview them. AUSA Hebets stated that although she had no evidence of specific danger to any eyewitness participant from disclosure of their identity in this case, in her experience, cooperating codefendants generally want to remain anonymous so that they will not be identified as a "snitch" by those with whom they are incarcerated.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

10

Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the court should consider among other factors the charges, the potential defenses, and the significance of the informer's testimony. Id. Also relevant to the Court's balancing inquiry is the informant's degree of involvement in the alleged offenses. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); United States v. Sharp, 778 F.2d 1182, 1186 n.5 (6th Cir. 1985) (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., United States v. McManus, 560 F.2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978) (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction). The fact that an informant is the only other person with knowledge about a drug transaction weighs in favor of disclosure. See Roviaro, 353 U.S. at 64 (observing that the government's informant and the defendant were the sole participants in the transaction and that the "informer was the only witness in a position to amplify or contradict the testimony of government witnesses"). Finally, our appellate court has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

In the instant case, the Defendant seeks to learn the identities of persons whom the Government contends participated in exchanges of controlled substances with her. The Defendant is charged with conspiring to distribute methamphetamine over a six-year period. At the September 12 hearing, Mr. McGovern stated that ninety percent of the testimony in this case will be "snitch" testimony and that the Defendant needs to know who these individuals are in order to prepare her defense. The Court finds that the nature of the charges as well as the length of the conspiracy weigh in favor of disclosing the identities of eyewitness participants. If these individuals will testify that they engaged in the exchange of methamphetamine with the Defendant, then their identities are significant to the Defendant's preparation of a defense. However, at the November 10 hearing, Mr. McGovern said that the plea agreements of some codefendants generally implicated Defendant Higdon but that counsel for these codefendants had declined to permit Mr. McGovern to interview them. Thus, the Court finds that, at least with regard to her codefendants, the Defendant knows the identities of cooperating eyewitness participants by reviewing their plea agreements, which have been filed in the record.

Against the Defendant's need to know the informants' identities the Court balances the potential danger to the informants from disclosure. The Government stated that there is no specific known danger to the informants in this case. Instead, AUSA Hebets argued that disclosure of the identities of cooperating witnesses who are incarcerated could subject those individuals to general danger from being identified as snitches by other inmates. The Court finds that this type of danger is not unique to this case but would be present for any confidential informant who is incarcerated. Moreover, the risks attendant to being labeled a cooperator have already been taken by the codefendants in this case, who have plea agreements filed in the

record. Accordingly, the Court affords little weight generally to this diffuse danger and no weight in this case in particular.

In the instant case, the Court finds that the balance tips in favor of disclosure. The nature of the offense and the length of the conspiracy weigh in favor of disclosure. The stated danger from disclosure is ephemeral as the cooperating codefendants have filed plea agreements in the record and the Government has raised no specific danger with regard to uncharged eyewitness participants. Although the Defendant already knows the identities of some of the cooperating witnesses, the Court finds that the identities of eyewitness participants who have not been charged in the case would be of significant importance to the Defendant's crafting a defense, particularly given the length of the conspiracy. Accordingly, in balancing the policy behind the informer's privilege against the Defendant's need to know the informants' identities, the Court concludes that the balance tips in favor of disclosure.

The Government argues that even if the Defendant is entitled to disclosure of the identities of confidential informants under a Roviaro analysis, Sixth Circuit precedent protects it from having to disclose its witnesses before trial. See Perkins, 994 F.2d at 1190. The Government contends that this protection trumps the Roviaro exception to the informer's privilege because otherwise defendants could potentially intimidate the Government's witnesses. In Perkins, the Sixth Circuit addressed the Government's failure to disclose the identity of a testifying confidential informant. Id. The appellate court found "no persuasive reason to depart from the . . . general rule" (that the government does not have to disclose its witnesses) due to the circumstances involving a testifying informant whom the defendant can cross-examine. Id. at 1191. In such cases, the court found that as a witness for the government, the informant's testimony would not be helpful to the defendant. Id.

13

Applying Perkins to the instant case, the Court finds that the Government does not have to disclose the identities of eyewitness participants who will testify for the Government at trial *until* the disclosure of Jencks Act material, which the Government has agreed to provide prior to trial. On the other hand, the Government must immediately disclose the identities of any eyewitness participants to the Defendant's exchange of contraband, if the individual is not a Government witness. The Court finds that the Roviaro analysis already accounts for the danger raised by the Government (danger of intimidation of its witnesses) to these witnesses. The Defendant's Motion for Disclosure of Eyewitness Participants [**Doc. 141**] is **GRANTED.** The Government must immediately disclose the identities eyewitness participants who will not testify for the Government at trial. The Government must disclose the identities of eyewitness participants who will testify for the Government when it discloses Jencks Act materials. At the November 10 hearing, AUSA Hebets stated that it is her practice to disclose Jencks Act materials "well before trial."

### C. Disclosure of Statements of Coconspirators

The Defendant asks [Doc. 142] the Court to order the Government to disclose all written, recorded, and oral statements by codefendants that the Government will seek to attribute to her. In argument, defense counsel requested that the Government disclose oral statements that coconspirators claim Defendant Higdon made to them indicating her participation in the conspiracies. The Government opposes [Doc. 154] this disclosure, contending that it would exceed that required by Federal Rule of Criminal Procedure 16, which constitutes the entire universe of discovery to which the Defendant is entitled. At the motion hearing, AUSA Hebets added that at this time, the Government has no statements that codefendants will testify that

14

Defendant Higdon made to them and would not know of any such statements until shortly before the trial when she interviews those codefendants who will testify.

"Each defendant is entitled to inspect his own testimony and the statements made by him but he is not entitled to inspect the testimony of his co-defendants or to examine their statements unless they agree." United States v. Turner, 274 F. Supp. 412, 418 (E.D. Tenn. 1967); see also United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988) (citing with approval a Fourth Circuit case, which holds that a defendant may not discover the statements of co-defendant under Rule 16). Discovery of a witness's statements is further limited by the Jencks Act, which provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. Thus, the law does not entitle the Defendant to inspect the statements of her codefendants or other uncharged coconspirators unless and until they testify at trial. The Court strongly encourages [see Doc. 91, Order on Discovery and Scheduling, ¶ O] early production of Jencks Act materials in order to avoid undue interruption of the trial. At the November 10 hearing, AUSA Hebets stated that it is her practice to disclose Jencks Act materials "well before trial." The Defendant's Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [**Doc. 142**] is **DENIED**.

## II.      CONCLUSION

After careful consideration of the parties' filings and arguments as well as the relevant case law, it is **ORDERED**:

(1) Upon request of the Defendant, the Motion to Sever Defendant [**Doc. 140**] is **WITHDRAWN**;

(2) The Defendant's Motion for a Bill of Particulars [**Doc. 204**] is **DENIED**;

(3) The Defendant's Motion for Disclosure of Eyewitness Participants [**Doc. 141**] is **GRANTED**. The Government must immediately disclose the identities eyewitness participants who will not testify for the Government at trial. The Government must disclose the identities of eyewitness participants who will testify for the Government, when it discloses Jencks Act materials, which it has agreed to do before trial; and

(4) The Defendant's Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [**Doc. 142**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____s/ C. Clifford Shirley, Jr._____
United States Magistrate Judge